Charles T. Major, J.
This claim is to recover the sum of $102.06, the amount paid to Angelo Fierro by the claimant. The said $102.06 was the cost of replacing the windshield on *986 the Fierro automobile under claimant’s insurance Policy FA-9'3039.
It is alleged that such windshield sustained small chips or pits of its glass by flying pieces of stone or gravel picked out of a newly resurfaced section of State Highway No. 167 by passing automobiles and thence catapulted against the Fierro windshield.
Angelo Fierro on being paid by the claimant insurance company gave claimant insurance company a subrogation receipt and assigned any claim he might have by reason of the facts stated to such insurance company.
The section of about five and a quarter miles of Route 167 between Little Falls and five miles south of Dolgeville was resurfaced between June 16, 1960 and June 25, 1960 by putting on A gallons of liquid bituminous mixture per square yard then putting on 40-45 pounds of No. 1 crushed gravel and stone to the square yard and rolling it down with a 10-ton roller.
No. 1 gravel or stone size limitation shows that the percentage by weight to pass one-inch square opening is 100%; one-half inch equals 90 to 100%; one-quarter inch equals zero to 15%; such as met these specifications are accepted as No. 1 stone or gravel. Washed gravel is gravel which is cleaned by flushing with water. No. 1 gravel was used in this resurfacing and such resurfacing was carried on and completed according to accepted standard engineering practice.
In all resurfacing jobs there are some loose stones. There did not seem to be any perfect formula; so much depends on the type and amount of traffic, weather conditions and other elements beyond control of human rules.
The testimony offered in this trial purported to represent a sample of the happenings when a car was passed by another and the latter in speeding to pass or turn in dislodged small stones that flew around and some landed on the windshield of the Fierro automobile; and, although, the evidence may not show it the stones or gravel no doubt struck other cars.
The action of stones, gravel, oil, and emulsion on a resurfacing job at the time thereof, and for sometime thereafter, is a matter of common knowledge as to its performance. It is, however, the best means that has been devised up to now to make the better highway surface and serve the greater number of people.
The proof in this claim does not show facts upon which the State or its employees can be charged with negligence. The claimant’s assignor knew upon using the newly surfaced highway the conditions to be encountered. He had been a driver long enough to have experience with such a situation before *987 and is charged with knowledge to know what could be expected. There are other items when such highways have defects that are unknown and cannot be perceived, but such situations are different.
To say that the State is liable for flying small stones from a resurface job would be like saying it is also liable for the action of salt or other chemical and charged with dissolving the steel body of an automobile. Both the stone and salt are used to make the road safe for the greater number of people, and when carried out and the work performed according to accepted engineering standards at the time, there is no liability on the part of the State for this type of claim.
Also, the claimant in this action has failed in its duty of sustaining the burden of proof. The State is not an insurer of its highways.
The State of New York, its agents and employees are guilty of no actionable negligence and the claim is dismissed.